Case 5:23-cv-00028   Document 7   Filed on 06/05/23 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
June 06, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MARIA VILLAREAL, § | | |
| Plaintiff, § | | |
| § | | |
| VS. § | CIVIL ACTION NO. 5:23-CV-00028 | |
| § | | |
| BURLINGTON COAT FACTORY OF § | | |
| TEXAS, INC., § | | |
| Defendant. § | | |

# **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Burlington Coat Factory of Texas, Inc.'s Opposed Motion to Abate Ruling on Motion to Remand and Request for Leave to Conduct Diversity Discovery. (Dkt. No. 3.) The Court finds that this Motion should be **GRANTED**, including that Defendant be granted leave to conduct limited discovery to determine diversity for purposes of subject matter jurisdiction; that Plaintiff's Opposed Motion to Remand (Dkt. No. 2) be **ABATED**; and that the parties confer and file a Joint Advisory informing the Court regarding the resolution of this issue.

### I. Background

Plaintiff's lawsuit arises from a fall that Plaintiff alleges she suffered while inside Defendant Burlington's store after a "wire or hanger caused her to trip and fall." (Dkt. No. 1-4 para. 5.2.) Plaintiff filed her Original Petition in state court on February 8, 2023. (*Id*. at 1.) In her petition, Plaintiff stated that she is "an individual residing in Texas." (*Id.* para. 2.1.) She alleged

1

Texas citizenship for all named Defendants, including Defendant Burlington Coat Factory of Texas, Inc. (*Id.* paras. 2.2–2.7.)

Defendant Burlington Coat Factory of Texas, Inc. subsequently removed to federal court on March 13, 2023, on the basis of diversity jurisdiction. (Dkt. No. 1 para. 5.) Defendant stated:

> Removal is proper under 28 U.S.C. § 1441 and § 1332(a) because there is a complete diversity of citizenship between Plaintiff and proper Defendant Burlington Coat Factory of Texas, Inc., and all other improperly named Defendants as well, in this lawsuit and the amount in controversy exceeds $75,000.00. Further, no current properly joined Defendant is a citizen of Texas.

(*Id.*) First, Defendant asserted in its Notice of Removal that "Plaintiff is and was at the time of filing this action, a resident of Webb County, Texas." (*Id.* para. 6.) Second, Defendant stated that "Burlington Coat Factory of Texas, Inc. is the [sole] proper party and has diverse jurisdiction pursuant to 28 U.S.C. § 1446(c)." (*Id.* para. 7.) Defendant explained that Defendant Burlington Coat Factory of Texas, Inc. owns Burlington Coat Factory of Texas, L.P., "which is the operator of the Burlington Coat Factory located at 4500 San Bernardo Ave A, Laredo, TX 78041; the subject store where the alleged incident giving rise to Plaintiff's cause of action occurred." (*Id.*)

Plaintiff then filed an Opposed Motion to Remand. (Dkt. No. 2.) Plaintiff argues, in relevant part, that "the notice of removal fails to set forth a clear statement of facts establishing diversity jurisdiction." (*Id.* para 1.1.) In response, Defendant filed an Opposed Motion to Abate Ruling on Motion to Remand and Request for Leave to Conduct Diversity Discovery. (Dkt. No. 3.) Defendant requests leave to "allow Defendant to conduct discovery to determine Plaintiff's citizenship status." (*Id.* para. 1.) Defendant asserts such discovery is necessary to resolve the "question of whether the Court has personal jurisdiction over Plaintiff."[1] In support, Defendant

---

[1] The Court notes, as Plaintiff also points out, that Defendant incorrectly conflates personal jurisdiction with the diversity of citizenship required for diversity subject matter jurisdiction. (*See* Dkt. No. 6. para 4.1.) Defendant requests "Defendant leave to conduct diversity discovery limited to the issue of personal jurisdiction." (Dkt. No. 3 para. 3.) Personal jurisdiction refers to the power that a court has to make a decision regarding a party being sued in

2

notes that "Plaintiff fails to state in their Original Petition (DKT #1-4) whether Plaintiff is a citizen of Texas and only states that they are an 'individual residing in Texas'." (*Id.* para. 2.) Due to Plaintiff's allegedly vague statement, "Defendant believes that Plaintiff was only visiting Texas and is diverse by being a citizen of Mexico" and alleges that "Plaintiff's statement alone is not sufficient to properly determine that they are a citizen of Texas." (*Id.*)

Plaintiff responded, citing *Flagg v. Stryker Corp.*, 819 F.3d 132, 137 (5th Cir. 2016) to argue that "[j]urisdictional facts are determined at the time of removal, not by subsequent events," and that "[b]ecause at the time of the removal, [Defendant] Burlington Texas had the original petition and claimed that Plaintiff was a resident of Texas, the Court must deny Burlington Texas's Motion to Abate [in which Defendant now claims that Plaintiff is a non-resident of Texas] and grant [Plaintiff]'s Motion to Remand." (Dkt. No. 6 para. 3.1.) Plaintiff alleges that Defendant has not shown an "adequate basis as to why this alleged discovery [that Defendant requests] would be necessary." (*Id.* para. 2.1)

Notably, nowhere in Plaintiff's Response, (*id.*), to Defendant's Motion, did Plaintiff claim to be a citizen of Texas or attempt to refute Defendant's concern that Plaintiff is merely a visitor to Texas and actually a Mexican citizen. (*See id.*) Instead, Plaintiff cites only to Defendant's statement in its removal documents, conflating Defendant's prior belief regarding Plaintiff's citizenship with a jurisdictional fact.

---

a case; a court must have personal jurisdiction over the defendant, not the plaintiff. *See International Shoe v Washington*, 326 US 310, 316 (1945). Subject matter jurisdiction—for which diversity of citizenship of the parties is relevant—is the power of a court to adjudicate a particular type of matter and provide the remedy demanded. *See* U.S. Const. art. III §§ 2; *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988).

3

**II.     Legal Standard**

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332. Because federal courts have limited jurisdiction, there must be "clear, distinct, and precise affirmative jurisdictional allegations" in the pleadings for federal jurisdiction to exist. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019).

"To properly allege diversity jurisdiction under § 1332, the parties need to allege 'complete diversity.'" *Id.* (cleaned up). This means "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Id.* (cleaned up). For individuals, citizenship has the same meaning as domicile, and the place of residence is prima facie the domicile." *Id.* (cleaned up). But citizenship requires not only "[r]esidence in fact" but also "the purpose to make the place of residence one's home." *Texas v. Florida*, 306 U.S. 398, 424 (1939); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d at 313. "Therefore, an allegation of residency alone "does not satisfy the requirement of an allegation of citizenship." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d at 313 (cleaned up).

"Where . . . jurisdiction is not clear from the record, but there is some reason to believe that jurisdiction exists," the district court may amend the allegations and supplement the record." *Id.* at 315 (cleaned up). Alternatively, the Fifth Circuit has taken judicial notice of jurisdictional facts "not subject to reasonable dispute" because they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned, such as public filings with state agencies. *Id.* (cleaned up).

A court may allow discovery to determine Plaintiff's citizenship for diversity. "[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) (citing to Note, *The Use of Discovery to Obtain Jurisdictional Facts*, 59 VA. L. REV. 533 (1973)). "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." FED. R. CIV. P. 26(b)(1). "The phrase 'relevant to the subject matter involved in the pending action' has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. at 351 (citing *Hickman v. Taylor,* 329 U.S. 495, 501 (1947)). "[D]iscovery [is not] limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." *Id.*

The party seeking discovery bears the burden of showing its necessity. *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (citing *Sec. & Exch. Comm'n v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980)).

Parties seeking to cure a jurisdictional deficiency, should articulate a "discrete discovery request that might cure the jurisdictional deficiency" as well as "otherwise specify where they might discover the necessary factual predicate for subject matter jurisdiction." *Freeman*, 556 F.3d at 342 (cleaned up); *see, e.g., Gager v. United States,* 149 F.3d 918, 922 (9th Cir. 1998) (affirming denial of additional discovery because plaintiffs "have not specified in any way where such additional evidentiary material might be found"); *Arriba Ltd. v. Petroleos Mexicanos*, 962 F.2d 528, 534 (5th Cir. 1992) (permitting discovery only "circumspectly and only to verify allegations of specific facts crucial to an immunity determination").

### III. Discussion

Defendant may conduct brief, inexpensive discovery to determine whether Plaintiff is a citizen of Texas for purposes of diversity of citizenship. The Court finds limited discovery on this single threshold issue to be justified. *See* 28 U.S.C. § 1332; *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 at 351. Such discovery must also be proportional to Defendant's discrete inquiry.

Defendant may conduct limited discovery on this single discrete issue using any of the following methods or any other method proportional to the inquiry: (1) depositions by written questions, (2) interrogatories and production of discoverable material, or (3) an affidavit signed by Plaintiff alleging her Texas citizenship in sufficient detail. Because the Court is ordering discrete discovery on a truncated timeline, the parties should confer so that discovery may be completed by the deadline. The parties are thus ordered to discuss and confer as to these methods of discovery and select a mutually agreeable method. After conferral and after limited discovery has been conducted, the parties are ordered to file a Joint Advisory informing the Court as to resolution of the jurisdictional issue. *See infra* sec. IV.

The Court will memorialize this deadline in a Scheduling Order below. *See id.* The Court grants Defendant leave to comply with this Order.

### IV. Order

The Court finds that Defendant Burlington Coat Factory of Texas, Inc.'s Opposed Motion to Abate Ruling on Motion to Remand and Request for Leave to Conduct Diversity Discovery. (Dkt. No. 3) should be **GRANTED** and that Plaintiff's Opposed Motion to Remand (Dkt. No. 2) be **ABATED.** The parties are **ORDERED** to confer as to the method of this limited discovery

and to file a Joint Advisory **by no later than July 10, 2023**, informing the court as to how the issue of Plaintiff's citizenship has been resolved:

| PRETRIAL EVENT | DEADLINES |
|---|---|
| Deadline for Joint Advisory | July 10, 2023 |

IT IS SO ORDERED.

SIGNED this June 5, 2023.

*Diana Song Quiroga*
Diana Song Quiroga
United States Magistrate Judge